UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-cr-0246-TWP-TAB |
| | ) | |
| ANTONIO HIGHBAUGH, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Tanya Walton Pratt, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on July 26, 2021, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e).  Proceedings were held on August 11, 2021, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On August 11, 2021, defendant Antonio Highbaugh appeared in person with his appointed counsel, Michael Donahoe.  The government appeared by Kelsey Massa, Assistant United States Attorney.  The United States Probation Office ("USPO") appeared by Officer Troy Adamson, who participated in the proceedings.

---

[1]     All proceedings were recorded by suitable sound recording equipment unless otherwise noted.  *See* 18 U.S.C.  § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1.     The court advised Mr. Highbaugh of his right to remain silent, his right to counsel, and his right to be advised of the charges against him.  The court asked Mr. Highbaugh questions to ensure that he had the ability to understand the proceedings and his rights.

2.     A copy of the Petition was provided to Mr. Highbaugh and his counsel, who informed the court they had reviewed the Petition and that Mr. Highbaugh understood the violations alleged.  Mr. Highbaugh waived further reading of the Petition.

3.     The court advised Mr. Highbaugh of his right to a preliminary hearing and its purpose.  Mr. Highbaugh was advised of the rights he would have at a preliminary hearing.  Mr. Highbaugh stated that he wished to waive his right to a preliminary hearing and stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition.

4.     The court also advised Mr. Highbaugh of his right to a hearing on the Petition and of his rights in connection with a hearing.  The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

5.     Mr. Highbaugh, by counsel, stipulated that he committed Violation Numbers 1 and 2 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall refrain from any unlawful use of a controlled substance."** |

On June 29, 2021, Mr. Highbaugh submitted a urine sample which tested positive for Cannabinoids. He denied using the substance, and the sample was forwarded to Alere Laboratory where it confirmed positive for THC.

As previously reported to the Court, on October 22, 2020, and April 27, 2021, the offender submitted urine samples which tested positive for Cannabinoids. On the October 22, 2020, test he claimed to have smoked marijuana in prison prior to beginning supervised release. On the April 27, 2021, sample, he claimed to have been smoking vaping fluid containing THC; however, the confirmation result from Alere Laboratory resulted in a confirmation positive for THC derived from smoking marijuana, not the substance he allegedly smoked.

**2**     **"You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program."**

In November 2020, the probation officer increased Mr. Highbaugh's drug treatment in response to the positive urine test. He was residing in the residential reentry center (RRC) until early December 2020, and had been attending his drug treatment sessions as required.  Since leaving the RRC, the offender has not been in compliance with his drug treatment and only sporadically attends sessions. He last attended a virtual drug treatment session on June 18, 2021. According to his therapist, Mr. Highbaugh has failed to respond to her text and phone requests to schedule any additional treatment sessions.

6.     The court placed Mr. Highbaugh under oath and directly inquired of Mr. Highbaugh whether he admitted violations 1 and 2 of his supervised release set forth above.  Mr. Highbaugh admitted the violations as set forth above.

8.     The parties and the USPO further stipulated that:

(a)     The highest grade of Violation (Violation 1, and 2) is a Grade C violation (U.S.S.G. § 7B1.1(a)(2)).

(b)     Mr. Highbaugh's criminal history category is IV.

(c)     The range of imprisonment applicable upon revocation of Mr. Brown's supervised release, therefore, is 6 - 12 months' imprisonment.  (*See* U.S.S.G. § 7B1.4(a).)

9.      The parties jointly recommended a modification to include residing in a residential reentry center for a term of ninety (90) days.  The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, ANTONIO HIGHBAUGH, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **MODIFIED** to include residing in a residential reentry center for a term of ninety (90) days as follows:

> You shall reside in a residential reentry center for a term of ninety (90) days. You shall abide by the rules and regulations of the facility.

The Defendant is to be released on his current conditions of supervised release pending the district court's action on this Report and Recommendation.

Counsel for the parties and Mr. Highbaugh stipulated in open court waiver of the following:

1.  Notice of the filing of the Magistrate Judge's Report and Recommendation;

2.  Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Highbaugh entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation modifying Mr. Highbaugh's supervised release to include residing in a residential reentry center for a term of ninety (90) days.  The Defendant is to be released pending the district court's action on this Report and Recommendation.

IT IS SO RECOMMENDED.

Date: 8/16/2021

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system